**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x
QUENNEL W. MALONE,
                          Plaintiff,

      -against-

COMMISIONER OF SOCIAL SECURITY,

                         Defendant.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

21 Civ. 01928 (GBD) (SDA)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Quennel W. Malone brought this action pursuant to the Social Security Act, 42 U.S.C. §§ 205(g) and 405(g), for review of the Commissioner of Social Security's denial of his application for Supplemental Security Income ("SSI"). (Compl., ECF No. 1.) The Plaintiff and Commissioner cross-moved for judgment on the pleadings. (Pl.'s Mot. for Judgment on the Pleadings, ECF No. 22; Comm'r Cross Mot. for Judgment on the Pleadings, ECF No. 26.) Before this Court is Magistrate Judge Stewart D. Aaron's August 6, 2022 Report and Recommendation, ("Report," ECF No. 29), recommending that Plaintiff's motion be denied and the Commissioner's motion be granted. (Report at 1.) No party filed objections. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full and dismisses the case.

      A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

Magistrate Jude Aaron did not err in finding that the Administrative Law Judge's ("ALJ's") decision was free of legal error and supported by substantial evidence. (Report at 22.) Malone challenges that ALJ's decision for failing to properly consider the opinions of his treating psychiatrist and his learning disability. (*Id.* at 22.) As for the opinions of his treating psychiatrist, while the ALJ did not "fully incorporate" the opinions of two treating physicians in his analysis, "he [did] consider[] the required factors in explaining how persuasive he found [each of] the opinions" and the issues each raised. (*Id.*) Malone's objection is to the weight the ALJ gave these opinions, and the weight given to opinions is within the discretion of the ALJ. (*See Id.* (citing *Perozzi v. Berryhill*, 287 F. Supp. 3d 471, 492 (S.D.N.Y. 2018)).) The existence of evidence supporting a different decision is not reason for overturing the ALJ. *See McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) ("If evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld.").

Malone also contends that the ALJ failed to develop the record to determine the full extent of his learning disability. (Report at 24.) Malone argues that the ALJ should have requested another examination. However, the Report does not contain a clear error in finding that Malone failed to "identify any gaps in the record that another consultative examination was necessary to fill." (*Id.* at 25.) The ALJ's decision was based in part on Malone's own testimony that "he could read at approximately a fourth-grade level and intelligence testing from 2014 assessed his 'word reading' to be equivalent to grade 3.7." (*Id.*) Malone's own testimony provided substantial evidence for the ALJ to find that Malone could perform simple work requiring Level 1 language skills, the lowest level in the DOT. Therefore, Magistrate Judge Aaron correctly found that there was no need to further develop the record.

## CONCLUSION

Magistrate Judge Aaron's Report and Recommendation is ADOPTED IN FULL. The Commissioner's motion for judgment on the pleadings is GRANTED. Plaintiff's motion is DENIED. The Clerk of Court is directed to terminate the motions, (ECF Nos. 22, 26), and close the case.

Dated: New York, New York
September 12, 2022

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge